IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TRENKALE BRUNSON                                                                           PLAINTIFF


        v.                          Civil No. 4:14-cv-04048


CORPORAL ALLEN SANDERS;
SERGEANT MITCHELL MOON;
WARDEN MARTY BRAZZIL; and
SHERIFF RON STOVALL                                                                        DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff Trenkale Brunson pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Miller County Correctional Facility. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before the Court is Plaintiff's failure to comply with the Court's orders and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

      Plaintiff originally filed this case *pro se* on March 31, 2014. ECF No. 1. In his Complaint, Plaintiff claims Defendants violated his constitutional rights by: (1) making false diciplinary reports against him; (2) instituting a post-card-only policy; (3) allowing other inmates to use racial slurs;

(4) failing to respond to grievances; and (5) not transferring him to the Arkansas Department of Correction. ECF No. 1, p. 5. At the time he filed his Complaint, Plaintiff was incarcerated at the Miller County Detention Center ("MCDC"). Plaintiff's address of record indicates he is still incarcerated in the MCDC.

On March 31, 2014, I directed Plaintiff to file a completed application to proceed *in forma pauperis* ("IFP Application"). ECF No. 3. Plaintiff failed to do so. The March 31, 2014 Order was not returned as undeliverable mail.

On June 11, 2014, I issued an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the March 31, 2014 Order and also directing Plaintiff to file a completed IFP Application. ECF No. 5. Plaintiff failed to respond to the Show Cause Order. The Show Cause Order was not returned as undeliverable mail.

Finally, Plaintiff has not communicated with the Court since filing his initial Complaint on March 31, 2014.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.     DISCUSSION**

Plaintiff has failed to comply with the Court's March 31, 2014 Order directing him to file a completed IFP Application (ECF No. 3) and the Court's June 11, 2014 Show Cause Order (ECF No. 5).  Further, Plaintiff has completely failed to prosecute this matter as he has not communicated with the Court in over a year.  Lastly, Plaintiff was advised by the Show Cause Order that failure to respond could result in dismissal of this action.  Because this Order was not returned as undeliverable mail, I presume Plaintiff received the Order.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and

Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of April 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE